# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re SHARRA NEVES CARVALHO, | ) | |
| Debtor. | ) ) ) ) | Bankruptcy Petition No. 15-646 |
| TEODORA AURELIANA SIMU, | ) ) ) | |
| Appellant, | ) ) | Civil Action No. 18-92 (RBW) |
| v. | ) ) | |
| SHARRA NEVES CARVALHO, | ) ) | |
| Appellee. | ) ) | |

## **MEMORANDUM OPINION**

On December 15, 2015, Sharra Neves Carvalho filed a Chapter 7 voluntary bankruptcy

petition in the United States Bankruptcy Court for the District of Columbia (the "Bankruptcy

Court").  See Voluntary Petition for Individuals Filing for Bankruptcy, In re Carvalho, Ch. 7

Case No. 15-646 (Bankr. D.D.C. Dec. 15, 2015), ECF No. 1.  On July 28, 2017, Teodora

Aureliana Simu, a creditor of Carvalho, requested that the Bankruptcy Court remove Bryan S.

Ross as the trustee of Carvalho's estate (the "Removal Request"), and sought leave to sue Ross

(the "Leave to Sue Request").  See generally Unified Motion to Dismiss Bankruptcy Case for

Bad Faith[,] Motion to Remove Estate Trustee[,] Motion for Leave to Sue the Estate Trustee

("Unified Motion"), In re Carvalho, Ch. 7 Case No. 15-646 (Bankr. D.D.C. July 28, 2017), ECF

No. 131.[1]  On November 29, 2017, the Bankruptcy Court denied Simu's Removal Request as

---

[1] Simu initially filed separate motions to remove Ross as the trustee, see generally Motion to Remove Estate
Trustee, In re Carvalho, Ch. 7 Case No. 15-646 (Bankr. D.D.C. Apr. 17, 2017), ECF No. 111, for leave to sue Ross,
see generally Motion for Leave to Sue Estate Trustee, In re Carvalho, Ch. 7 Case No. 15-646 (Bankr. D.D.C. Apr.

(continued . . .)

well as her Leave to Sue Request.  See In re Carvalho, 578 B.R. 1, 14 (Bankr. D.D.C. 2017).

Thereafter, Simu appealed the Bankruptcy Court's denial of both requests.  See Notice of Appeal

(Jan. 16, 2018).  Currently pending before the Court are Ross's Motion [to] Dismiss Appeal

("Ross's Mot. to Dismiss"), and Simu's Motion for Sanctions ("Simu's Mot. for Sanctions").

Upon careful consideration of the parties' submissions,[2] the Court concludes that it must grant in

part and deny in part Ross's motion to dismiss and deny Simu's motion for sanctions.

## I.        BACKGROUND

On August 11, 2017, Simu filed her brief in support of her appeal of the Bankruptcy

Court's denial of her Removal Request and Leave to Sue Request, arguing that the "Bankruptcy

Court erred in not finding that [Ross] made bright line violations of the Bankruptcy Code[,]

which mandated his removal."  Simu's Appeal Brief at 3.  Specifically, Simu argues that the

Bankruptcy Court "should have removed [Ross] and granted [Simu] leave to sue [Ross]" because

Ross "eschewed his duties to the Bankruptcy Court and to [Carvalho's e]state."  Id. at 29–30.

Simu further argues that Ross's "conduct demonstrates [that he] acted outside the scope of his

authority and breached his fiduciary duty to preserve and liquidate [Carvalho's e]state."  Id. at

---

(. . . continued)
17, 2017), ECF No. 112, and to dismiss Carvalho's petition for bad faith, see generally Motion to Dismiss
Bankruptcy Case for Bad Faith, In re Carvalho, Ch. 7 Case No. 15-646 (Bankr. D.D.C. Apr. 17, 2017), ECF No.
113.  However, at the direction of the Bankruptcy Court, Simu filed the Unified Motion, which combined all three
motions into one filing.  See Scheduling Conference at 10:40, In re Carvalho, Ch. 7 Case No. 15-646 (Bankr. D.D.C.
June 23, 2017), ECF No. 130.  The Bankruptcy Court denied Simu's motion to dismiss on October 10, 2017.  See
Order Granting Summary Judgment and Denying Motion to Dismiss, In re Carvalho, Ch. 7 Case No. 15-646 (Bankr.
D.D.C. Oct. 10, 2017), ECF No. 148.  Simu appealed the Bankruptcy Court's denial of her motion to dismiss, an
appeal that is also currently pending before this Court.  See Notice of Appeal of the Bankruptcy Court's Denial of
the Creditor's Motion to Dismiss Bankruptcy Case for Bad Faith at 1, Simu v. Carvalho, Civ. Action No. 17-2352
(D.D.C. Nov. 7, 2017).

[2] In addition to the filings already identified, the Court also considered the following submissions in reaching its
decision: (1) Appeal of Denial of Motion to Remove Trustee of Bankruptcy Case ("Simu's Appeal Brief"); (2) the
Creditor/Appellant's Opposition to Estate Trustee's Motion to Dismiss ("Simu's Opp'n"); (3) the Reply to Response
to Motion to Dismiss Appeal ("Ross's Reply"); (4) the Memorandum in Support of Motion for Sanctions ("Simu's
Sanctions Mem."); and (5) the Memorandum in Opposition to Motion for Sanctions ("Ross's Sanctions Opp'n").

30.    Thereafter, Ross filed his motion to dismiss Simu's appeal.  <u>See generally</u> Ross's Mot. to

Dismiss.  After the briefing of the motion to dismiss was completed, Simu filed her motion for

sanctions against Ross.  <u>See generally</u> Simu's Mot. for Sanctions.  These last two filings are the

subject of this memorandum opinion.

## II.    STANDARD OF REVIEW

28 U.S.C. § 158 governs appeals from the bankruptcy courts to federal district courts.

Section 158(a) provides that district courts have jurisdiction over appeals

> (1) from final judgments, orders, and decrees; (2) from interlocutory orders and
> decrees issued under section 1121(d) of title 11 increasing or reducing the time
> periods referred to in section 1121 of such title; and (3) with leave of the court,
> from other interlocutory orders and decrees[.]

28 U.S.C. § 158(a) (2018).  Section 158 also provides that "[a]n appeal under subsection[] (a) . . .

of this section shall be taken in the same manner as appeals in civil proceedings generally are

taken to the courts of appeals from the district courts."  <u>Id.</u> § 158(c)(2).

## III.    ANALYSIS

**A.    Motion to Dismiss**

Neither 28 U.S.C. § 158 nor Federal Rule of Bankruptcy Procedure 8013, which governs

motions filed in bankruptcy appeals, addresses motions to dismiss a bankruptcy appeal, <u>see</u> 28

U.S.C. § 158; Fed. R. Bankr. P. 8013, and despite diligently searching, the Court has been unable

to locate any cases in the District of Columbia Circuit that have set forth the standard of review

for a motion to dismiss a bankruptcy appeal.  Therefore, because a district court, pursuant to 28

U.S.C. § 158(c)(2), acts as an appellate court when reviewing decisions made by a bankruptcy

court, <u>see</u> <u>In re St. Charles Pres. Inv'rs, Ltd.</u>, 112 B.R. 469, 471 n.2 (D.D.C. 1990); <u>see also</u> <u>In re</u>

<u>Sollins</u>, Civ. Action No. 95-0657, 1996 WL 61773, at *2 n.15 (D.D.C. Feb. 6, 1996), <u>aff'd sub</u>

<u>nom.</u> <u>Ross v. 1301 Connecticut Ave. Assocs.</u>, 99 F.3d 444 (D.C. Cir. 1996), the Court will

follow this Circuit's practice with respect to motions to dismiss appeals. This Circuit construes

motions to dismiss appeals as motions for summary affirmance, see, e.g., Solomon v. Supreme

Court of Fla., No. 03-7002, 2003 WL 1873939, at *1 (D.C. Cir. Apr. 2, 2003), and has held that

"[a] party seeking summary disposition bears the heavy burden of establishing that the merits of

his case are so clear that expedited action is justified," Taxpayers Watchdog, Inc. v. Stanley, 819

F.2d 294, 297 (D.C. Cir. 1987). Thus, to summarily affirm a district court's order, the Circuit

"must conclude that no benefit will be gained from further briefing and argument of the issues

presented." Id. at 298. Further, in reviewing a motion to dismiss an appeal or a motion for

summary affirmance, the Circuit "view[s] the record and the inferences to be drawn therefrom 'in

the light most favorable to [the non-moving party].'" Id. (quoting United States v. Diebold, 369

U.S. 654, 655 (1962)).

Under this standard of review, the Court concludes that Ross's motion to dismiss must be

granted with respect to Simu's Removal Request because the merits of the parties' positions "are

so clear that expedited action is justified." Taxpayers, 819 F.2d at 297; see Montague v. Conti

Mortg. Co., Civ. Action No. 00-7103, 2000 WL 1225784, at *1 (D.C. Cir. July 31, 2000)

(granting a motion to dismiss a bankruptcy appeal due to mootness). Ross's motion to dismiss

the appeal with respect to the Leave to Sue Request, on the other hand, must be denied because

the Court would "benefit . . . from further briefing and argument of the issues presented."

Taxpayers, 819 F.2d at 298.

   **1.  Removal Request**

Ross argues that this appeal should be dismissed as to the Removal Request because "it is

no longer possible to grant [Simu] effective relief," Ross's Mot. to Dismiss ¶ 4 (citations

omitted). Specifically, Ross argues that, "[s]ince the perfection of the instant appeal, the

Bankruptcy Court . . . closed (and reopened for a limited purpose) the underlying bankruptcy

case of the Debtor, and discharged the Trustee."  Id. ¶ 2.  Ross therefore contends that,

"[i]nasmuch as [Simu's] Removal Request sought only to replace the Trustee as the trustee of the

open and existing Chapter 7 bankruptcy estate of the Debtor, . . . the [appeal of the] Removal

Request is moot."  Id. ¶ 3.

　　This Circuit has specifically explained that "[w]hen a stay [of a bankruptcy appeal] has

not been secured," as was the case here, see Ross's Mot. to Dismiss ¶ 4 n.2, "alleged claims of

mootness on issues not directly controlled by the Bankruptcy Rules are subject to the principles"

of the mootness doctrine, In re AOV Indus., Inc., 792 F.2d 1140, 1147 (D.C. Cir. 1986).  Under

this doctrine, "if an event occurs while a case is pending on appeal that makes it impossible for

the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be

dismissed," for federal courts have "no authority 'to give opinions upon moot questions or

abstract propositions, or to declare principles or rules of law which cannot affect the matter in

issue in the case before it.'"  Church of Scientology of Calif. v. United States, 506 U.S. 9, 12

(1992) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)).  In such a circumstance, an appeal is

moot in the constitutional sense,[3] because any decision a federal court rendered on the merits of

the case would constitute an advisory opinion.  See City of Erie v. Pap's A.M., 529 U.S. 277,

287 (2000).

　　Here, the Court agrees with Ross that the appeal with respect to the Removal Request is

moot because the Court cannot grant "any effectual relief whatever" to Simu.  Church of

Scientology, 506 U.S. at 12 (quoting Mills, 159 U.S. at 653).  In her memorandum in support of

her Removal Request, Simu requested that the Bankruptcy Court, "[a]s provided by 11 U.S.C. §

---

[3] Mootness in bankruptcy appeals arises in two forms: constitutional mootness and equitable mootness. See In re AOV, 792 F.2d at 1147.  However, because the Court concludes that Simu's appeal as to the Removal Request must be dismissed on constitutional mootness grounds, it need not address the doctrine of equitable mootness.

324, . . . exercise its authority and remove Trustee Bryan Ross." Memorandum in Support of Motion to Remove Estate Trustee at 21, In re Carvalho, Ch. 7 Case No. 15-646 (Bankr. D.D.C. June 28, 2017), ECF No. 131-2. Thereafter, on December 27, 2017, after Simu appealed the Bankruptcy Court's denial of her request, see Notice of Appeal (Jan. 16, 2018), ECF No. 191, the Bankruptcy Court discharged Ross as the estate trustee after concluding that Ross "ha[d] fully administered the chapter 7 estate," Memorandum Decision and Order Closing Case and Discharging Trustee at 1, In re Carvalho, Ch. 7 Case No. 15-646 (Bankr. D.D.C. Dec. 27, 2017), ECF No. 200. Therefore, any opinion rendered by this Court as to the merits of Simu's appeal regarding the Bankruptcy Court's denial of her Removal Request would be advisory because, in effect, Simu "has already received [her] requested relief" of having Ross no longer serve as the estate trustee. Blackman v. District of Columbia, 72 F. Supp. 3d 249, 251 (D.D.C. 2014); see McBryde v. Comm. to Review Circuit Council Conduct and Disability Orders, 264 F.3d 52, 55 (D.C. Cir. 2001) ("If events outrun the controversy such that the court can grant no meaningful relief, the case must be dismissed as moot." (citation omitted)).

Simu's counterargument is unavailing. Simu asserts that because "[a] motion to remove a trustee for misconduct has more effect than simply to remove the Trustee from a particular case[,] . . . [and thus,] the pendency of any particular case is not probative of mootness as to the Motion to Remove the Trustee." Simu's Opp'n at 1. She therefore contends that "this [appeal] is not rendered moot . . . because the issue remains whether Ross is fit to proceed as Trustee in any case." Id. at 8. The Court concludes, however, that because Simu failed to explicitly seek removal of Ross as a trustee in all bankruptcy cases in the Bankruptcy Court, her claim to this relief "is waived and will not be heard for the first time on appeal." In re Capitol Hill Grp., 313 B.R. 344, 350 (D.D.C. 2004); see District of Columbia v. Air Florida, Inc., 750 F.2d 1077, 1084

(D.C. Cir. 1984) ("[I]ssues and legal theories not asserted at the District Court level ordinarily will not be heard on appeal."). The only mention of the relief being requested from this Court is buried in Simu's proposed order accompanying her Unified Motion, see [Proposed] Order at 1, In re Carvalho, Ch. 7 Case No. 15-646 (Bankr. D.D.C. July 28, 2017), ECF No. 131-5 (proposing that the Bankruptcy Court should find the following: "the Court finds cause as required by 11 U.S.C. § 324 (a) to remove Trustee Ross from this and all other proceedings before this Court."),[4] which does not suffice to defeat waiver, see CTS Corp. v. EPA, 759 F.3d 52, 64 (D.C. Cir. 2014) ("[H]iding an argument [in a footnote] and then articulating it in only a conclusory fashion results in forfeiture."); Healthbridge Mgmt., LLC v. NLRB, 672 F. App'x 1, 1 (D.C. Cir. 2016) (per curiam) (argument "only briefly mentioned in a footnote" in brief below "insufficient to preserve the issue on appeal.").

This Circuit has held that a "litigant does not properly raise an issue by addressing it in a 'cursory fashion,' with only 'bare-bones arguments.'" United States v. Philip Morris USA, Inc., 396 F.3d 1190, 1195 (D.C. Cir. 2005) (quoting Cement Kiln Recycling Coalition v. EPA, 255 F.3d 855, 869 (D.C. Cir. 2001) (per curiam)). Here, the perfunctory and conclusory nature of Simu's purported claim for relief is revealed by the fact that it is contained only in a proposed order. See Ry. Labor Execs.' Ass'n v. U.S. R.R. Ret. Bd., 749 F.2d 856, 859 n.6 (D.C. Cir. 1984) (refusing to "resolve [an] issue on the basis of briefing which consisted of only three sentences . . . and no discussion of the relevant . . . case law"); Johnson v. Panetta, 953 F. Supp. 2d 244, 250 (D.D.C. 2013) ("[P]erfunctory and underdeveloped arguments, and arguments that are

---

[4] Although an identical proposed order accompanied Simu's Motion to Remove Estate Trustee, In re Carvalho, Ch. 7 Case No. 15-646 (Bankr. D.D.C. Apr. 17, 2017), ECF No. 111, and Simu's Motion to Remove Estate Trustee, In re Carvalho, Ch. 7 Case No. 15-646 (Bankr. D.D.C. Apr. 14, 2017), ECF No. 108, these motions were deemed either deficient, see Minute Entry, In re Carvalho, Ch. 7 Case No. 15-646 (Bankr. D.D.C. Apr. 17, 2017) (ordering the refiling of the motions with corrected captions), or withdrawn, see Order Re[garding] Simu's Unified Motion, In re Carvalho, Ch. 7 Case No. 15-646 at 1 (Bankr. D.D.C. Sept. 1, 2017), ECF No. 139.

unsupported by pertinent authority, are deemed waived."). Because it is the obligation of the party seeking relief to "'to spell out [her] arguments squarely and distinctly,'" <u>Raines v. U.S. Dep't of Justice</u>, 424 F. Supp. 2d 60, 66 n.3 (D.D.C. 2006) (quoting <u>Rivera–Gomez v. de Castro</u>, 843 F.2d 631, 635 (1st Cir. 1988)), "[i]t is not the task of this [C]ourt to consider all of the implications of a theory vaguely raised for the first time . . . on appeal and to search the record for supporting evidence," <u>Tarpley v. Greene</u>, 684 F.2d 1, 7 n.17 (D.C. Cir. 1982). Thus, this Court need not consider Simu's claim for relief raised for the first time in her opposition to Ross's motion to dismiss,[5] and therefore, must grant Ross's motion to dismiss this appeal with respect to Simu's Removal Request. <u>Air Florida</u>, 750 F.2d at 1084 ("Decisions in this Circuit have consistently followed a practice of dismissing appeals brought on grounds not asserted in the trial court[.]").

## 2. Leave to Sue Request

Ross also argues that this appeal should also be dismissed because "the [Leave to Sue] Request relates to actions taken by the Trustee[ ] in his capacity as trustee of the Chapter 7 bankruptcy estate of the Debtor, [and a]s such, he is entitled to quasi-judicial immunity." <u>Id.</u> ¶ 5. In response, Simu argues that "Ross has made no meaningful mention of a claim of quasi-judicial immunity prior to this motion on appeal," Simu's Opp'n at 10, and that "[o]rdinarily an appellate court does not give consideration to issues not raised below," <u>id.</u> (internal quotation marks and citation omitted). The Court disagrees with both parties' positions. The Court need

---

[5] Even if Simu's request to remove Ross as a trustee in all bankruptcy cases were not waived, the Court nevertheless would not be able to grant such relief. The Court has no authority to grant the additional relief sought by Simu because such relief only results from an order removing Ross as the trustee from the bankruptcy proceedings below. <u>See</u> 11 U.S.C. § 324(b) (requiring that a trustee be automatically removed from all pending bankruptcy cases, unless otherwise ordered, when a bankruptcy court removes the trustee for cause in a particular case). Therefore, because Ross's removal as the trustee from the bankruptcy proceedings is moot, as discussed in Part III.A.1. of this Memorandum Opinion, <u>supra</u>, the additional relief requested by Simu to have Ross removed as the trustee from all pending bankruptcy proceedings is also moot.

not consider whether Ross is entitled to immunity because it is not relevant to the limited question at issue in this appeal, but rather would more appropriately be addressed in any potential suit brought against Ross. See In re VistaCare Grp., LLC, 678 F.3d 218, 234–35 (3d Cir. 2012) ("A bankruptcy court is not required to consider immunities and defenses raised by a trustee when evaluating a motion for leave [to sue]."). With respect to the Leave to Sue Request, this appeal is limited to the question of whether the Bankruptcy Court erred in denying Simu's motion for leave to sue Ross for the purported breach of his fiduciary duties. Specifically, the Court is tasked with not only determining whether the Bankruptcy Court's findings of fact were clearly erroneous, but also reviewing de novo the Bankruptcy Court's legal conclusions that "Simu has not made out a prima facie case for suing Ross . . . [because] Ross at all times acted within the scope of his authority as trustee, and breached no fiduciary duty owed as trustee to Simu." In re Carvalho, 578 B.R. at 13; see Hope 7 Monroe St. Ltd. P'ship v. RIASO L.L.C., 473 B.R. 1, 6 (D.D.C. 2012), aff'd sub nom. In re Hope 7 Monroe St. Ltd. P'ship, 743 F.3d 867 (D.C. Cir. 2014) ("A bankruptcy court's findings of fact are reviewed under a 'clearly erroneous' standard. . . . By contrast, 'a district court reviews questions of law de novo on appeal.'" (citations omitted)). And because the merits of whether Simu pleaded the elements of a prima facie case against Ross are not "so clear that expedited action is justified," Taxpayers, 819 F.2d at 297, the Court concludes that Ross's motion to dismiss must be denied as to Simu's appeal of the Bankruptcy Court's denial of her Leave to Sue Request. Accordingly, the Court will order Ross to file his brief in reply to Simu's Appeal Brief regarding whether the Bankruptcy Court erred in finding that "Simu has not made out a prima facie case for suing Ross." In re Carvalho, 578 B.R. 1, 13 (Bankr. D.D.C. 2017).

**B.      Motion for Sanctions**

Simu argues that, in accordance with Federal Rule of Bankruptcy Procedure 9011 and Federal Rule of Civil Procedure 11, "sanctions should be imposed upon . . . Ross and his attorney for [ ] false claims made before this Court."  Simu's Sanctions Mem. at 10. Specifically, Simu claims that Ross and his attorney "have made two separate representations to this Court [that] are false."  Id. at 6.  The Court disagrees with Simu.

"Federal Rule of Civil Procedure 11 and Bankruptcy Rule 9011 are functionally identical in all relevant respects and, therefore, interpretations of Rule 11 inform the Court's understanding of Rule 9011."  In re W.A.R. LLP, 535 B.R. 1, 3 n.2 (D.D.C. 2015); see Burns v. George Basilikas Trust, 599 F.3d 673, 677 (D.C. Cir. 2010) (recognizing that Rules 11(b) and Bankruptcy Rule 9011(b) "are identical in all material respects" and applying Rule 11 case law to review the Bankruptcy Court's award of sanctions under Bankruptcy Rule 9011).  Under Rule 11, an attorney or party "presenting to the court a[ny] pleading, written motion, or other paper . . . certifies that" the filing "is not being presented for any improper purpose, . . . [that] the claims, defenses, and other legal contentions are warranted[,] . . . [and that] the factual contentions have evidentiary support or [] . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."  Fed. R. Civ. P. 11(b).  The purpose of Rule 11 is to "protect the court from frivolous and baseless filings that are not well grounded, legally untenable, or brought with the purpose of vexatiously multiplying the proceedings."  Cobell v. Norton, 157 F. Supp. 2d 82, 86 n.8 (D.D.C. 2001).  Accordingly, "[t]he Court has discretion to decide whether a Rule 11 violation has occurred and what sanctions should be imposed if there has been a violation."  Long v. U.S. Dep't of Justice, 207 F.R.D. 4, 6 (D.D.C. 2002) (citations omitted).  "Courts do not impose Rule 11 sanctions lightly; such

sanctions are an extreme punishment for filing pleadings that frustrate judicial proceedings,"

Jordan v. U.S. Dep't of Labor, 273 F. Supp. 3d 214, 241 (D.D.C. 2017), "or that are filed to

harass another party," United States v. Sum of $70,990,605, Civ. Action No. 12-1905 (RDM),

2018 WL 4623568, at *5 (D.D.C. Sept. 25, 2018).

Simu contends that Ross, in support of his motion to dismiss, states that "Judge Contreras

was 'deeply troubled by [Simu's] counsel's apparent disregard for the factual content of the

pleadings he files before this Court,'" which is "knowingly untrue."[6]  Simu's Sanctions Mem. at

6.  Simu's allegation refers to a footnote in Ross's reply in support of his motion to dismiss, in

which Ross claims that "the record is hardy devoid of findings made concerning the honesty of

[Simu's counsel] in pleadings filed with this Court," Ross's Reply at 2 n.1, and cites an opinion

by another member of this Court, see id. (citing BEG Invs., L.L.C. v. Alberti, 85 F. Supp. 3d 13,

53 (D.D.C. 2015)).  In BEG Investments, the court, in a memorandum opinion dated March 24,

2015, noted that it was "deeply troubled by [the p]laintiff's counsel's apparent disregard for the

factual content of the pleadings he files before this Court," 85 F. Supp. 3d at 53, and granted in

part the defendants' motion for sanctions, id.  However, in a subsequent decision, the same court,

"in light of [the p]laintiff's counsel's more thorough explanation[,] . . . sua sponte reconsider[ed]

and vacate[d] its prior [ ] [decision] granting in part [the d]efendant's motion for sanctions."

Memorandum & Order at 4–5, BEG Invs., L.L.C. v. Alberti, Civ. Action No. 13-182 (Nov. 10,

2015), ECF No. 37.  Although the Court notes that Ross's citation to BEG Investments should

have indicated that the opinion was subsequently vacated, see id. at 5, it cannot conclude on the

---

[6] Simu's counsel also contends that Ross made "an inappropriate ad hominem attack" against him.  See Simu's
Sanctions Mem. at 10.  The Court disagrees.  While it is evident from the record before this Court that tension exists
between counsel, the Court does not find the representations made by Ross to be an ad hominem attack in violation
of the Court's local rules.  See LCvR, App. A ("We will not bring the profession into disrepute by making
unfounded accusations of impropriety or making ad hominem attacks on counsel, and, absent good cause, we will
not attribute bad motives or improper conduct to other counsel.").

present record that this omission satisfies the high bar for imposing sanctions under Rule 11, see

Jordan, 273 F. Supp. 3d at 241.

Simu also claims that Ross and his attorney "falsely claim that [Simu's] attorney never

raised 'the issue of the appointment or removal of [Ross] from the panel of trustees.'" Simu's

Sanctions Mem. at 6; see Ross's Reply at 2. However, as shown by the Court's determination

that Simu waived the claim that Ross should be removed as a trustee in all bankruptcy cases

because it was not properly raised in the Bankruptcy Court, see Part I.A.1, supra, Ross's argument

that "nowhere in the underlying Bankruptcy Court proceedings . . . has Simu ever raised the issue

of the appointment or removal of [Ross] from the panel of trustees," Ross's Reply at 2, is "neither

groundless or misleading," Ahuruonye v. U.S. Dep't of Interior, 312 F. Supp. 3d 1, 26 (D.D.C.

2018) (Walton, J.). Therefore, the Court concludes that it must deny Simu's motion for

sanctions.[7]

### IV. CONCLUSION

For the foregoing reasons, the Court concludes that Simu's appeal of the Bankruptcy

Court's denial of her Removal Request is moot because the Bankruptcy Court discharged and

removed Ross as the trustee in the bankruptcy proceedings during the pendency of this appeal.

The Court also concludes that expedited consideration of whether Simu pleaded the elements of

a prima facie case against Ross is inappropriate because the merits of the parties' positions are

not sufficiently clear to warrant such consideration. Finally, the Court concludes that Ross did

not make false representations in his filings to the Court and therefore the imposition of

sanctions is not justified. Accordingly, the Court grants in part and denies in part Ross's motion

---

[7] The Court cautions Simu and her counsel "that a frivolous Rule 11 sanction motion may itself be a violation of Rule 11," Naegele v. Albers, 355 F. Supp. 2d 129, 144 (D.D.C. 2005), and that a Rule 11 motion for sanctions or any other motion should not be "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," Fed. R. Civ. P. 11(b)(1).

to dismiss this appeal, orders Ross to file his brief in reply to Simu's Appeal Brief addressing whether the Bankruptcy Court erred in denying Simu's Leave to Sue Request, and denies Simu's motion for sanctions.

**SO ORDERED** this 27th day of March, 2019.[8]

REGGIE B. WALTON
United States District Judge

---

[8] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.